# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-311V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
JENNIFER L. CALL,                *    Special Master Oler
                                 *
                                 *    Filed: January 4, 2018
              Petitioner,        *
       v.                        *    Petitioner's Motion for a Decision;
                                 *    Dismissal of Petition; Vaccine
SECRETARY OF HEALTH              *    Act; Denial Without Hearing.
AND HUMAN SERVICES,              *
                                 *
              Respondent.        *
                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Jon William Brassel*, Brassel Alexander & Rice, LLC, Annapolis, MD, for Petitioner.

*Amy Paula Kokot*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## **DECISION DISMISSING CASE FOR INSUFFICIENT PROOF**[1]

On March 7, 2017, Jennifer L. Call filed a petition seeking compensation under the National Vaccine Injury Compensation Program,[2] alleging that she developed "severe headaches, sensory changes and joint pain and swelling and signs and symptoms associated with Brachial Neuritis, including pain shooting down [her] arm with tingling and numbness into the hand" as a

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

result of a tetanus toxoid vaccination that she received on April 3, 2015.  Petition, dated March 7, 2017 (ECF No. 1).

After filing medical records between the filing of her Petition and late May 2017, Petitioner filed her Statement of Completion on July 20, 2017. ECF No. 17.  Thereafter, Respondent filed a Rule 4(c) Report on September 11, 2017, contesting Petitioner's right to damages, and requesting dismissal of the claim.  ECF No. 19.  Petitioner filed a reply to Respondent's Rule 4(c) Report on September 21, 2017, addressing the issue of causation, and informing the Court that she retained an expert and intends to file an expert report.  ECF No. 20.

Petitioner was given a deadline of January 4, 2018, to file her expert report. Order, dated November 6, 2017 (ECF No. 23).  On January 2, 2018, Petitioner filed the present motion to dismiss her non-table claim, indicating that "an investigation of the facts and science supporting [her] case has demonstrated that [she] will be unable to prove that she is entitled to compensation in the Vaccine Program." *See* Petitioner's Motion for a Decision Dismissing Her Petition, dated January 2, 2018 (ECF No. 28).

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine.  *See* Sections 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  Section 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof.  Petitioner's claim therefore cannot succeed and must be dismissed.  Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Katherine E. Oler
Katherine E. Oler
Special Master